IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO ZAPATA LOYOLA, | No. C 10-4775 RMW (PR) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| KATHLEEN DICKERSON, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as untimely, and barred as a second or successive petition. Although given an opportunity, petitioner did not file an opposition. Based upon the record, the court concludes that the petition is an unauthorized second or successive petition, GRANTS respondent's motion, and DISMISSES the instant petition.

**BACKGROUND**

In 2002, petitioner was convicted in the Santa Clara County Superior Court of two counts of second degree robbery. The trial court sentenced petitioner to a term of 60 years to life. In the instant federal petition, petitioner raises the following claims: (1) he received ineffective assistance of counsel; (2) his guilty plea was involuntary; and (3) he is actually innocent of one

of the robbery convictions.

## DISCUSSION

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust. See 28 U.S.C. § 2244(b)(1); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.

Here, the instant petition challenges the same conviction and sentence as petitioner's previous habeas action: (1) Loyola v. Caden, No. 04-2100 RMW (PR), which was denied on the merits on August 22, 2006; and (2) Loyola v. Evans, No. 06-4777 RMW (PR), which was dismissed as a second or successive petition on March 2, 2007. Petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this court to consider any new claims. Accordingly, this court must dismiss the instant petition in its entirety. *See* 28 U.S.C. § 2244(b)(3)(A).[1]

## CONCLUSION

Respondent's motion to dismiss the petition as second or successive is GRANTED. The instant habeas petition is DISMISSED without prejudice to refiling if petitioner obtains the necessary order. The lerk shall terminate any pending motions and close the file.

Petitioner has not shown " that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: F€ƌí ƉF

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] Because the court dismisses the petition as an unauthorized second or successive petition, it need not address respondent's argument that the petition is also untimely.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EMILIANO Z. LOYOLA,

        Plaintiff,

  v.

SANTA CLARA COUNNTY SUPERIOR CT
et al,

        Defendant.

Case Number: CV10-04775 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Emiliano Zapata Loyola P-32816
California Medical Facility
Post Office Box 2000
Bed # L31aL
Vacaville, CA 95696-2000

Dated: October 25, 2011

                                  Richard W. Wieking, Clerk
                                  By: Jackie Lynn Garcia, Deputy Clerk